[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15237
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cr-60127-BB-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY GARFIELD COX,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 9, 2018)


Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Anthony Garfield Cox appeals his conviction, entered after a guilty plea, for conspiracy to possess, with intent to distribute, a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act (MDLEA) 46 U.S.C. §§ 70503(a)(1), 70506(b).  Cox brings two issues on appeal, which we address in turn.  After review,[1] we affirm the district court.

## I.  DISCUSSION

### A.  Constitutionality of the MDLEA

Cox first asserts the MDLEA is unconstitutional because his prosecution for drug trafficking on the high seas without any connection to the United States exceeds Congress's enumerated powers under the Felonies Clause and violates his due process rights.  Cox also contends the MDLEA is unconstitutional because it prevents the jury from considering the court's jurisdiction and is therefore a violation of his Fifth and Sixth Amendment rights to a jury trial.  However, Cox concedes his arguments are foreclosed by binding precedent.  *See United States v. Vega–Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (stating under the prior precedent rule, we are bound by our prior decisions unless and until they are overruled by the Supreme Court or this Court *en banc*).

---

[1] We review *de novo* whether a statute is constitutional.  *United States v. Campbell*, 743 F.3d 802, 805 (11th Cir. 2014).  We also review *de novo* a district court's interpretation and application of statutory provisions with respect to whether it has subject matter jurisdiction. *United States v. Tinoco*, 304 F.3d 1088, 1114 (11th Cir. 2002).

The district court did not err in denying Cox's motion to dismiss the indictment because the MDLEA is facially constitutional, *see, e.g.*, *United States v. Campbell*, 743 F.3d 802, 809–12 (11th Cir. 2014) (upholding the MDLEA as a valid exercise of Congress's authority), and it is constitutional as applied to Cox because prosecution under the MDLEA without a jurisdictional nexus does not violate due process, *see, e.g.*, *United States v. Wilchcombe*, 838 F.3d 1179, 1186 (11th Cir. 2016) (explaining the MDLEA does not have a nexus requirement and this does not violate due process).  The district court also did not err by making a pretrial jurisdictional determination under the MDLEA because Congress specifically removed it as an element to be proven to a jury and jurisdictional issues under the MDLEA may be resolved by the district court without violating the defendant's Fifth and Sixth Amendment rights to due process and a jury trial. *See United States v. Tinoco*, 304 F.3d 1088, 1111-12 (11th Cir. 2002) (holding Congress was entitled to remove the particular jurisdictional question from the jury and therefore, neither the Fifth Amendment's due process clause, nor the Sixth Amendment right to a jury require the MDLEA's jurisdictional requirement be an element of the offense).

B.  *Vessel without Nationality*

Cox contends the Government failed to conclusively prove an element of his conviction—that the vessel qualifies as a "vessel without nationality" to make it

3

subject to the jurisdiction of the United States under the MDLEA.  He asserts the certificate of the Secretary of State's designee for registry of the vessel was only conclusive proof of Jamaica's response, not of the statelessness of the vessel, and was therefore insufficient to establish the vessel was without nationality and to establish jurisdiction.  However, Cox concedes once again this argument is precluded under binding precedent.

A vessel without nationality is subject to the United States' jurisdiction under the MDLEA.  46 U.S.C. § 70502(c)(1)(A).  A vessel is without nationality when "the master or individual in charge makes a claim of registry and for which the claimed nation of registry" either denies the claim or "does not affirmatively and unequivocally assert that the vessel is of its nationality."  *Id.* § 70502(d)(1).  The response of the claimed nation of registration "is prove[n] conclusively by certification of the Secretary of State or the Secretary's designee."  *Id.* § 70502(d)(2).

The district court did not err in finding that the vessel was within the jurisdiction of the United States and denying Cox's motion to dismiss the indictment.  Cox and his codefendants claimed that the vessel was of Jamaican registry.  The United States submitted a certificate of Commander DelRosso of the Coast Guard certifying that the Government of Jamaica responded it did not have records of the vessel in its registry.  Commander DelRosso was a designee of the

4

Secretary of State, and his certification was conclusive proof of jurisdiction and sufficient to stand alone.  46 U.S.C. § 70502(d)(2); *see also Campbell*, 743 F.3d at 809 (holding the certification—there, a statement by a United States Coast Guard Commander explaining his exchange with the country of alleged registration—was sufficient and conclusive proof that the vessel was within the jurisdiction of the United States, under the MDLEA).

## II.  CONCLUSION

Accordingly, we affirm Cox's conviction.

**AFFIRMED.**